# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ADER RAMIREZ VELASQUEZ,

Petitioner

v.

TODD BLANCHE, et al.,[1]

Respondents

Case No.: 2:26-cv-00430-APG-DJA

**Order Granting in Part Petition for Writ of Habeas Corpus and Granting Respondents' Motion to Extend Time**

[ECF Nos. 10, 11]

Ader Ramirez Velasquez is a noncitizen from Guatemala currently detained by Immigration and Customs Enforcement (ICE). ECF No. 13-1 at 2.  He entered the United States in September 2016 as an unaccompanied minor and was turned over to the Office of Refugee Resettlement (ORR) for custody placement. *Id.* at 3.  Ramirez Velasquez asserts, and the government does not dispute, that in February 2017, ICE released him on supervision to a sponsor under the ORR. ECF No. 10 at 6.

ICE subsequently detained Ramirez Velasquez from August 2021 to November 2021. ECF Nos. 13-3 at 2; 13-4 at 2; 10 at 4.  In June 2022, Ramirez Velasquez was offered alternatives to detention, which were later cancelled due to three criminal convictions for resisting arrest, battery, and false imprisonment in May 2023. ECF Nos. 13-1 at 3-4.  He asserts, and the government does not dispute, that he applied for asylum, withholding of removal, and permanent legal resident status through his wife, who is a United States citizen. ECF No. 10 at 6. Though his asylum and withholding of removal applications were denied in 2024, he states, and the government does not dispute, that he has not been ordered removed and his legal permanent

---

[1] Acting Attorney General Todd Blanche is substituted for Pamela Bondi, and Secretary of Homeland Security Markwayne Mullin is substituted for Kristi Noem. Fed. R. Civ. P. 25(d).

resident application remains pending. *Id.* at 4, 6.  In January 2026, ICE took custody of Ramirez Velasquez and re-commenced removal proceedings against him, alleging he "either lacks immigration status or notwithstanding such status is removable under U.S. immigration law." ECF No. 13-5 at 2.  He has not received a bond hearing or custody redetermination.

Ramirez Velasquez filed this habeas corpus petition seeking release from custody or, in the alternative, a bond hearing at which the government must prove through clear and convincing evidence that he is a danger to the community or a flight risk.  The government responded that I do not have jurisdiction to hear the petition and that he is ineligible for a bond hearing because he is under mandatory detention under § 1225(b)(2).

## I.      HABEAS CORPUS PETITION

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art I. § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Immigr. & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).  I have "equitable discretion" "as law and justice require" to

remedy unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 124 (2022) (quotation omitted).

**A. I have jurisdiction over Ramirez Velasquez's petition.**

Ramirez Velasquez cites 28 U.S.C. § 2241 to establish that I have jurisdiction to determine the legality of his detention. The government argues that 8 U.S.C. §§ 1252(g) and (b)(9) preclude review of his petition.[2]

Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). The Supreme Court has given a "narrow reading" to § 1252(g). *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999). "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Id.* at 482 (emphasis in original) (quoting 8 U.S.C. § 1252(g)). Instead of "sweep[ing] in any claim that can technically be said to 'arise from' the three listed actions," the provision "refer[s] to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018). Because Ramirez Velasquez challenges the lawfulness of his detention during the pendency of his removal proceedings, it is not a challenge to one of those three specific actions. *See Hernandez-*

---

[2] The government states that it "adopt[s] [its] *Jacobo Ramirez* Response in full." ECF No. 13 at 2. I will not sift through the various arguments in that 32-page response to determine which ones the government thinks apply in this case. Here, it asserted only that the "*Jacobo Ramirez* Response addresses substantially the same questions at issue in the case at bar regarding DHS's authority to detain individuals under § 1225(b)(2) who are not yet admitted and whose cases remain in pending removal proceedings." *Id.* So that is the portion of the *Jacobo Ramirez* Response that I will consider. *See Cruz v. Blanche*, No. 2:26-cv-00566-APG-BNW, 2026 WL 1113484 at *1 n.2 (D. Nev. Apr. 23, 2026).

*Luna v. Noem*, No. 2:25-cv-01818-GMN-EJY, 2025 WL 3102039, at *2 (D. Nev. Nov. 6, 2025). Therefore, § 1252(g) does not preclude review here.

The government also argues that under § 1252(b)(9), review of any issue arising from any removal-related activity is only proper before the appropriate federal court of appeals in the form of a petition for review of a final removal order. Section 1252(b)(9) states that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). Otherwise, "no court shall have jurisdiction . . . to review . . . such question of law or fact," including under § 2241. *Id.* The Supreme Court has indicated that § 1252(b)(9) does not bar review of a noncitizen detainee's petition where the petitioner is not "asking for review of an order of removal," is not "challenging the decision to detain them in the first place or to seek removal," and is not "challenging any part of the process by which their removability will be determined." *Jennings*, 583 U.S. at 294. Here, Ramirez Velasquez's challenge to his detention without a bond hearing does not fall in any of these three categories and is a separate legal issue from the consideration of the merits of his removal proceeding. *See Hernandez-Luna*, 2025 WL 2102039, at *2; *Tanchez v. Noem*, No. 2:25-cv-1150, 2026 WL 125184, at *4 (D. Utah Jan. 16, 2026). Therefore, § 1252(b)(9) also does not bar review here, and I have jurisdiction to consider Ramirez Velasquez's petition.

**B. Section 1226 governs Ramirez Velasquez's detention, and he is entitled to a bond hearing.**

The parties dispute whether Ramirez Velasquez is detained under § 1225 or § 1226. As I have previously ruled, the best reading of § 1225 is that it applies only in the border context, and accordingly § 1226 governs his detention because he was detained within the country years after

he entered. *See Rodriguez v. Mullin*, No. 26-cv-00531-APG-NJK, 2026 WL 895685 (D. Nev. Apr. 1, 2026).

A noncitizen detained under § 1226(a) is entitled to an individualized bond hearing where he must prove "by a preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk'" for the immigration judge (IJ) to order his release.  Because Ramirez Velasquez did not receive an individualized assessment about whether to issue him a bond, the proper remedy is a new bond hearing under § 1226(a).  Ramirez Velasquez asks me to order his immediate release.  However, because the respondents' violation is their failure to provide a bond hearing under § 1226(a), ordering a bond hearing sufficiently cures this violation.

Ramirez Velasquez requests that I order the government to bear the burden to show by clear and convincing evidence that he should not be released on bond.  The government does not respond to this argument.  Nonetheless, the Ninth Circuit has relevant precedent on this issue, and ignoring it would likely constitute clear error on appeal.  In *Rodriguez Diaz*, the Ninth Circuit rejected a claim that it is "constitutionally inadequate" for a noncitizen to bear the burden of proof at his initial immigration bond hearing. 53 F.4th at 1210.  It instead held that "§ 1226(a)'s procedures satisfy due process, both facially and as applied" to the petitioner in that case. *Id.* at 1213.  But the Ninth Circuit did "not foreclose all as-applied challenges to § 1226(a)'s procedures." *Id.*  For example, it left open the question whether placing the burden on the noncitizen could create an unacceptably high risk of erroneous deprivation of the noncitizen's interest because the noncitizen experiences language and cultural barriers, difficulty obtaining evidence, and financial inability to hire an attorney. *Id.* at 1211.

Ramirez Velasquez does not assert he would face similar issues in a bond hearing.  Thus, § 1226(a)'s procedures satisfy due process, and he bears the burden by a preponderance of the evidence at his new bond hearing.

**II.    CONCLUSION**

I THEREFORE ORDER that petitioner Ader Ramirez Velasquez's petition for habeas corpus **(ECF No. 10) is GRANTED in part.**

I FURTHER ORDER that the respondents must provide Ader Ramirez Velasquez with a new individualized bond hearing by May 18, 2026.  Ramirez Velasquez bears the burden of proof by a preponderance of the evidence at this bond hearing.

I FURTHER ORDER that the respondents' motion to extend time **(ECF No. 11) is GRANTED** because I considered their untimely response.

I FURTHER ORDER the clerk of court to close this case.

DATED this 11th day of May, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE