**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ADER RAMIREZ VELASQUEZ,<br>Petitioner<br>v.<br>JOHN MATTOS, et al.,<br>Respondents | Case No.: 2:26-cv-00430-APG-DJA<br>**Order Granting Motion to Enforce Judgment and Ordering Petitioner's Release**<br>[ECF No. 16] |

Ader Ramirez Velasquez has been detained by Immigration and Customs Enforcement (ICE) since January 27, 2026. On May 11, 2026, I granted in part his writ of habeas corpus and ordered the Department of Homeland Security (DHS) to provide him an individualized bond hearing within seven days. Two days later, an immigration judge (IJ) held the hearing without notifying Ramirez Velasquez's counsel. His immigration counsel received notice of the hearing because Ramirez Velasquez was able to call his wife as he was being pulled from his housing unit to attend the hearing, who then relayed the information to counsel. Immigration counsel's declaration states that she was unable to adequately prepare for the hearing and her request to submit supplemental evidence was denied, so she submitted no evidence to support her client.

Ramirez Velasquez now moves to enforce the judgment, arguing that the bond hearing failed to satisfy due process and the IJ applied an incorrect standard of review constituting an abuse of discretion. The government respondents argue that Ramirez Velasquez has failed to exhaust his administrative remedies, the bond hearing satisfied due process, and the IJ applied the correct standard.

I grant Ramirez Velasquez's motion because the bond hearing failed to satisfy due process. Because a new bond hearing is unlikely to remedy this defect, I order him released from ICE custody immediately.

## I. Background

Ader Ramirez Velasquez entered the United States in 2016 as an unaccompanied minor. ECF No. 13-1 at 3. He has lived his entire adult life in the state of Idaho. ECF No. 19-2 at 03:17. He graduated from high school there and now operates a licensed construction business. *Id.* at 03:20. He is married to a U.S. citizen wife, with whom he has a U.S. citizen daughter. *Id.* He consistently attends check-ins for his ongoing removal proceedings and has a pending I-130 application for legal permanent residency. *Id.* at 03:36.

Ramirez Velasquez also has a criminal history. In 2023, he was convicted in Idaho state court for battery, resisting or obstructing arrest, and false imprisonment (amended from rape), though these convictions stemmed from occurrences in 2017, when he was 17 years old. ECF Nos. 13-1 at 3–4; 19-2 at 07:45. It remains unclear why the convictions occurred roughly six years after the offense conduct. ECF No. 19-2 at 07:50. In 2021, he was arrested for lewd conduct with a child under 16, but that charge was dismissed. ECF No. 13-1 at 3.[1]

Ramirez Velasquez entered ICE custody on January 17, 2026. *Id.* Just over a month later, he filed a petition for a writ of habeas corpus in this court. ECF No. 6. I partially granted that petition, ordering DHS to provide him with an individualized bond hearing within seven days. ECF No. 15 at 6. The IJ held the bond hearing two days later. ECF No. 19-2 at 00:06.

[1] The government also contends that Ramirez Velasquez was arrested for rape on July 29, 2021. ECF No. 17 at 9 (citing ECF No. 13-1). But no record of this arrest exists at ECF No. 13-1.

Ramirez Velasquez's immigration counsel swears in her declaration that neither the IJ nor the respondents provided her with notice of the hearing. ECF No. 19-1 at 2. Instead, she learned of it only because Ramirez Velasquez was able to contact his wife via phone as he was "being pulled from his housing unit for court," who then relayed the message to counsel. *Id.* Immigration counsel filed her notice of appearance approximately 30 minutes before the hearing began. *Id.* At the start of hearing, she informed the IJ of her late notice and requested to submit supplemental paper evidence to support Ramirez Velasquez, which she offered to ship overnight. ECF No. 19-2 at 01:18. The IJ denied this request, stating that "we are proceeding today . . . and if you're not ready to proceed, you can go back to district court and talk to them as to why you requested this and then not be ready to go." *Id.* at 01:45. Immigration counsel unsuccessfully attempted to assert that it was Ramirez Velasquez's Federal Public Defender, not her, who had requested the hearing. *Id.* at 02:05. The IJ responded: "You represent the respondent, the respondent requested it. So move on, counsel." *Id.* at 02:27.

Similarly, counsel for DHS noted that he "was unaware of this hearing, so [he did not] have the documents necessary" to support his argument. ECF No. 19-2 at 05:00. The only document formally marked as an exhibit during the hearing was my May 2026 habeas order. ECF Nos. 15; 19-1 at 3. To make her findings, the IJ considered facts including Ramirez Velasquez's misdemeanor convictions, the dates of those convictions, that he had previously been placed on an Alternatives to Detention (ATD) monitoring program, and that the monitoring program was later revoked due to his criminal convictions. ECF No. 19-2 at 04:35, 07:31, 08:56, 09:10, 11:15. The IJ found these nine-year-old misdemeanors to be "very serious offenses" that "demonstrate that he is a danger to the community." *Id.* at 11:25. On that basis, she denied his release from custody. *Id.* at 11:53.

## II. Analysis

Ramirez Velasquez challenges the IJ's order on two grounds. First, he argues that the hearing failed to satisfy due process requirements. Next, he argues that the IJ's finding of danger and her failure to consider the nine *Guerra* factors constituted an abuse of discretion. *See Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) (listing nine factors an IJ may consider in bond determinations). The government responds that Ramirez Velasquez has failed to exhaust his administrative remedies, thereby precluding these claims. It further argues that he received a bond hearing in compliance with my order and that the IJ applied the correct legal standards at that hearing. Because I grant Ramirez Velasquez's motion on due process grounds, I do not reach the abuse of discretion arguments.

### *A. I do not deny the motion based on Ramirez Velasquez's failure to timely submit exhibits.*

Preliminarily, the government notes that exhibits A, B, and C to Ramirez Velasquez's motion were not in the record at the time it filed its opposition brief. The government argues that I should deny the motion due to this lapse. Ramirez Velasquez later filed the three exhibits, admitted this was an unintentional oversight, and requested that I allow the respondents to file a sur-reply rather than deny the motion to enforce. ECF Nos. 19-1; 19-2; 19-3; 28 at 5.

Exhibit B, the audio recording of the bond hearing, and Exhibit C, the IJ's order, have been in the government's possession regardless of their presence on the record. Exhibit A is a declaration of Ramirez Velasquez's immigration counsel mainly detailing the events of the hearing, at which the government was present. Given the minimal (if any) prejudice suffered by the government, denying the motion would be an inappropriate remedy for counsel's mistake. Ramirez Velasquez suggested that I "should permit [the government] to file a sur-reply should

[it] wish." ECF No. 28 at 5. But the government has not indicated it wishes to file a sur-reply, so I do not grant one.

*B. Administrative exhaustion is unnecessary on the due process claim.*

The administrative exhaustion requirement "is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). I may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id.* (quotation omitted). But notwithstanding these factors, I may "waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Id.* (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

I waive the exhaustion requirement here due to a combination of prolonged detention, potential futility of additional procedures, the prior failure to follow statutory and regulatory procedures that led to my order directing a bond hearing, and the court-ordered bond hearing not complying with due process. First, courts in the Ninth Circuit and around the country routinely find prolonged ICE detention to constitute irreparable harm. *See, e.g.*, *Torres Gonzalez v. Bondi*, No. 2:26-cv-00064-CDS-BNW, 2026 WL 1180220, at *3 (D. Nev. Apr. 30, 2026) (collecting cases). Because Ramirez Velasquez has been detained over nine months, I will not require him "to sit in an ICE detention facility for [an additional] six months while he awaits a BIA

decision." *Picado v. Hyde*, No. 26-CV-065-JJM-PAS, 2026 WL 352691, at *6 (D.R.I. Feb. 9, 2026). That additional detention would constitute irreparable harm.

Additionally, pursuit of administrative remedies may increasingly be considered a "futile gesture." *Hernandez*, 872 F.3d at 988 (quotation omitted). A bevy of courts across the nation have recently expressed concerns that, "[p]articularly given the broader irregularities in bond hearings across the country[,] . . . administrative remedies in the immigration system no longer appear efficacious." *Garcia Ortiz v. Henkey*, No. 1:26-CV-00043-BLW, 2026 WL 948275, at *3 (D. Idaho Apr. 7, 2026).[2] In recent months, many courts have observed that "immigration judges who provide neutral adjudications have been removed, and bond is systematically denied after a pro forma hearing with a predetermined outcome." *Chavez Ochoa v. Mason*, No. 2:26-CV-00130, 2026 WL 541144, at *2 n.4 (S.D. W. Va. Feb. 26, 2026); *see also Mendoza v. Noem*, No. 26-CV-1260 (LJL), 2026 WL 1470652, at *8 & n.3 (S.D.N.Y. May 26, 2026); *Garcia Ortiz*, 2026 WL 948275, at *3 (both quoting *Chavez Ochoa*, 2026 WL 541144, at *2 n.4). While I do not comment on the experience in the District of Nevada or of any particular IJ, this national trend increases the likelihood that administrative remedies will prove futile for Ramirez Velasquez. Combined with the irreparable harm of continued ICE detention and the failure to follow statutory requirements that led me to grant his petition in the first place, this supports a waiver of administrative exhaustion.

---

[2] *See also Torres Gonzalez*, 2026 WL 1180220, at *3; *Salvador v. Scott*, No. C26-3632-KKE, 2026 WL 3135567, at *2 n.1 (W.D. Wash. Oct. 20, 2026); *Rivas Campos v. Chestnut*, No. 1:26-CV-01330 DJC SCR, 2026 WL 1816190, at *11 (E.D. Cal. June 24, 2026), *report and recommendation adopted*, *Campos v. Chestnut*, No. 1:26-CV-01330 DJC SCR, 2026 WL 1899541 (E.D. Cal. July 1, 2026); *Chavez Ochoa v. Mason*, No. 2:26-CV-00130, 2026 WL 541144, at *2 n.4 (S.D. W. Va. Feb. 26, 2026); *Benipal v. Rokosky*, No. CV 26-01306 PHX RM (CDB), 2026 WL 1355010, at *12 (D. Ariz. Apr. 24, 2026), *report and recommendation adopted*, No. CV-26-01306-PHX-RM, 2026 WL 1352061 (D. Ariz. May 14, 2026); *Mendoza v. Noem*, No. 26-CV-1260 (LJL), 2026 WL 1470652, at *8 & n.3 (S.D.N.Y. May 26, 2026).

*C. The bond hearing failed to satisfy due process requirements.*

Although an IJ's discretionary bond determination is not reviewable in federal court, I have jurisdiction "to consider any error of law in [Ramirez Velasquez]'s agency proceedings, including any claimed due process violation." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022). Ramirez Velasquez contends that his bond hearing failed to satisfy due process because he had no meaningful opportunity to be represented by counsel and present evidence. I agree.

Assistance of counsel in immigration proceedings "is protected as an incident of the right to a fair hearing under the Due Process Clause of the Fifth Amendment."[3] *Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018). These protections apply with force to proceedings like bond hearings where "the most elemental of liberty interests—the interest in being free from physical detention by one's own government," is at stake. *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). The "fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotation omitted).

One judge in the Eastern District of California recently faced a factually similar situation in *Parajuli v. Warden, California City ICE Det. Facility*. No. 1:26-CV-03125-TLN CKD P, 2026 WL 1707076 (E.D. Cal. June 12, 2026), *report and recommendation adopted sub nom. Parajuli P. v. Warden, California City ICE Det. Facility*, No. 1:26-CV-03125-TLN-CKD, 2026 WL 1833477 (E.D. Cal. June 25, 2026). There, the district judge had previously ordered a bond hearing to occur within seven days. *Id.* at *1. The IJ held the bond hearing on the seventh day.

---

[3] These protections are also guaranteed by statute. "Section 1226(a) and its implementing regulations provide extensive procedural protections," including the opportunity to present evidence in one's defense. *Rodriguez Diaz*, 53 F.4th at 1202.

*Id.* The detainee did not receive notice of the hearing until 9:00 a.m. on the day of the 1:30 p.m. hearing. *Id.* at *2. He was nevertheless able to contact his counsel beforehand, though counsel could not attend. *Id.* When the detainee requested a continuance, the IJ denied it because "the granting of any continuance would amount to a violation of [the judge]'s order." *Id.* at *3. The detainee asserted that "he was not able to provide any documentary evidence because of the lack of sufficient notice. While [the detainee] was permitted to testify as to matters relevant to whether he is a flight risk, [the detainee] suggest[ed] that he could not provide some information in support of his request for release without being able to submit documents or without further investigation." *Id.* Thus, the court found that the detainee's "right to a meaningful opportunity to put forward evidence as to whether he is eligible for release was compromised by insufficient notice of the ordered hearing and the immigration judge's failure to grant petitioner more time to remedy the lack of proper notice." *Id.*

This case bears many similarities. While Ramirez Velasquez did have the assistance of counsel, it was in mere form, not substance. Counsel had no meaningful time to prepare for the hearing, as her notice constituted the time between the call from Ramirez Velasquez's wife and the start of the hearing.[4] Counsel entered her notice of appearance 30 minutes before the hearing and swears in her declaration that the late notice curtailed her ability to gather evidence to support her client. ECF No. 19-1 at 2. And the evidence she did manage to gather never made it to the hearing. When she asked to continue the case so she could overnight ship her paper file, the IJ refused without justification, responding only: "If you're not ready to proceed, you can go

[4] While it is unclear exactly how much notice counsel had in the present case, it appears to have been less than the 4.5 hours the court deemed insufficient in *Parajuli*.

back to district court and talk to them as to why you requested this and then not be ready to go." ECF No. 19-2 at 01:53.

This case presents additional concerns beyond those in *Parajuli*. There, the IJ had a colorable justification for denying the requested continuance because the hearing was held on the final day possible. The district judge ordered it to be held within seven days, and the IJ held it on the seventh day. Thus, a continuance technically could have violated the order, but it is difficult to see how granting a continuance requested by the petitioner would be deemed a violation. Further, if the hearing did not occur in the first six days, counsel could be charged with some responsibility for unpreparedness for a hearing that necessarily must occur on that final day.

Here, by contrast, the IJ held the hearing on the second day of seven and provided no justification for refusing to continue the case. This provided Ramirez Velasquez's counsel with even less preparation time and no notice. And as in *Parajuli*, Ramirez Velasquez "had no apparent interest in delaying proceedings any longer than necessary as he understood he would remain in ICE custody during the requested continuance period." 2026 WL 1707076 at *3.

Similarly, the IJ refused without justification counsel's request to ask her client a basic question regarding the date of his arrest, responding merely "I'm asking you." *Id.* at 09:40. Especially given her lack of opportunity to prepare for the hearing, this contributed to counsel's inability to mount a fair defense.

An IJ may consider "any information that is available" to them under 8 C.F.R. § 1003.19(d), and "the IJ's discretionary bond determination [is] not reviewable in federal court." *Rodriguez Diaz*, 53 F.4th at 1209. But "the IJ is a neutral adjudicator, not an investigator filling gaps in the government's case." *Abdelmasseh v. Hermosillo*, No. C26-730-MLP, 2026 WL 1493322, at *2 (W.D. Wash. May 26, 2026); *see also Petrov v. Gonzales*, 464 F.3d 800, 803

(7th Cir. 2006) (analyzing a due process claim where the petitioner argued that the "IJ created an appearance of impropriety").

Here, counsel for the government offered no evidence at all, as he was unaware of the hearing so he did not have the documents necessary to support his position. ECF No. 19-2 at 04:59. The IJ initiated the arguments against Ramirez Velasquez's release and held the lack of preparation for the hearing only against his counsel even though the government's counsel was also unprepared. This unbalanced judicial conduct "creates the appearance that the Immigration Judge was looking to rationalize a preordained decision to deny bond rather than conducting a genuine individualized assessment of [Ramirez Velasquez]'s circumstances." *Garcia Ortiz*, 2026 WL 948275, at *4.

This appearance of one-sidedness is especially salient when combined with the IJ's repeated statements that holding the hearing was "wrong . . . as a matter of law" and she was "being directed and ordered to disregard the law." ECF No. 19-2 at 06:30, 07:04. Even where they disagree with the district court's order, "[t]he IJ has an obligation to conduct hearings in an unbiased way so as to afford each petitioner a fair and full opportunity to have his case considered." *Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir. 2006). And where the IJ fails to provide the petitioner with a fair opportunity to be heard, it violates the detainee's Fifth Amendment rights. *See, e.g.*, *Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000) (finding a due process violation where, during the hearing, "the IJ indicated that he had already judged [the petitioner]'s claim" and "behaved not as a neutral fact-finder interested in hearing the petitioner's evidence, but as a partisan adjudicator seeking to intimidate [the petitioner] and his counsel").

A "mere showing that the IJ was unfriendly, confrontational, or acted in an adversarial manner is not enough" to establish a due process violation. *Rizo v. Lynch*, 810 F.3d 688, 693 (9th Cir. 2016). But here, the totality of the circumstances made the underlying proceeding "so fundamentally unfair that [Ramirez Velasquez] was prevented from reasonably presenting his case." *Platero–Cortez v. INS,* 804 F.2d 1127, 1132 (9th Cir. 1986) (quotation omitted). These included the lack of proper notice, the IJ's refusal to continue the hearing to consider any of Ramirez Velasquez's evidence, the IJ's use of discretion to consider only facts that were harmful to Ramirez Velasquez, the IJ's refusal to allow Ramirez Velasquez's counsel to confer with him on basic questions, and the IJ's appearance of animosity towards Ramirez Velasquez's counsel and hostility about having to hold the hearing. "This 'rubber-stamp' denial is a violation of due process and of [my] previous [o]rder." *Garcia Ortiz*, 2026 WL 948275, at *4 .

"The essence of due process is the requirement that a person in jeopardy of serious loss be given notice of the case against him and opportunity to meet it." *Mathews*, 424 U.S. at 350 (simplified). Due to the lack of notice and the inability to present evidence in his defense, Ramirez Velasquez was deprived of a meaningful opportunity to meet the case against him.

*D. Release from custody is the appropriate remedy.*

I previously ordered the respondents to "provide Ader Ramirez Velasquez with a new individualized bond hearing by May 18, 2026." ECF No. 15 at 6. They failed to do so within the bounds of due process. Nothing in the record suggests, nor has the government argued, that a second bond hearing would be satisfactory. Therefore, immediate release from ICE custody is warranted.

/ / / /

/ / / /

## III. Conclusion

I THEREFORE ORDER that petitioner Ader Ramirez Velasquez's motion to enforce judgment **(ECF No. 16) is GRANTED**.

I FURTHER ORDER respondent John Mattos to release petitioner Ader Ramirez Velasquez from the Nevada Southern Detention Center no later than **Wednesday November 18, 2026**, and transport him to 501 Las Vegas Blvd South, Las Vegas, Nevada by 5:00 p.m. that same day. The respondents must advise Ramirez Vasquez's counsel of the estimated time of release for coordination purposes, at least one hour before he is released.

I FURTHER ORDER the respondents to return all of Ramirez Velasquez's personal property to him upon his release.

I FURTHER ORDER that the respondents are prohibited from re-detaining Ramirez Velasquez without first following the required statutory and regulatory procedures.

I FURTHER ORDER the clerk of court to close this case.

DATED this 17th day of November, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE